UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Ralph Holder

    v.                        Civil No. 09-cv-341-JD

Town of Newton,
Lawrence Streeter,
and Michael Jewett

O R D E R

On October 7, 2009, Ralph Holder filed a complaint against the Town of Newton; Lawrence Streeter, both individually and in his official capacity as Chief of Police for the Town of Newton; and Michael Jewett, both individually and in his official capacity as Sergeant for the Newton Police Department, alleging violations of his civil rights and various state causes of action.  The defendants answered the complaint on December 15, 2009.  On February 5, 2010, Holder moved to amend his complaint, as well as to extend the time for discovery.[1]  The defendants did not object.

---

[1] Holder neglected to attach the proposed amended complaint to his motion to amend, as required by Local Rule 15.1(a), but subsequently filed the proposed amended complaint on February 25, 2010.

Standard of Review

Federal Rule of Civil Procedure 15(a) governs whether a pleading may be amended before trial.  In certain circumstances, as provided by Rule 15(a)(1), amendments may be made without seeking leave of the court.  Here, however, Rule 15(a)(2) applies, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that such leave should be freely given "when justice so requires."  Under that standard, leave to amend "should be granted unless the amendment would be futile or reward undue delay."  Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009).  In addition, a motion to amend should be granted "[i]n the absence of any apparent or declared reason-- such as . . . bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).

Discussion

A.  Amending the Complaint

Holder seeks to amend his complaint by, inter alia, adding several pages of allegations and adding a new defendant, Jill

Cook.  The defendants do not object, and the court discerns no reason to disallow the amendment.  Holder may amend his complaint as proposed, and shall be responsible for making the required service of process.

B.   Extending Time for Discovery

Holder requests that the court "extend the time for discovery," but does not indicate which discovery deadlines he wants extended, or by how long the deadline(s) should be extended.  After reviewing the discovery plan approved on January 15, 2010, it appears that the only deadline that is both relevant and has already passed is the deadline for mandatory disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1).  The deadline, which was 60 days from the adoption of the discovery plan, shall be changed to **120 days from the adoption of the discovery plan**.

<u>Conclusion</u>

For the foregoing reasons, Holder's motion to amend the complaint (doc. no. 11) is granted. The deadline for mandatory disclosures shall be changed to **120 days from the adoption of the discovery plan**.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 24, 2010

cc: Brian J.S. Cullen, Esquire
    Ralph Holder, pro se