```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Ralph Holder

    v.                                    Civil No. 09-cv-341-JD
                                              Opinion No. 2010 DNH 146

Town of Newton, et al.

## O R D E R

In his amended complaint, Ralph Holder, who is proceeding pro se, alleges six claims under federal civil rights statutes and ten claims under state law.[1] The defendants move for judgment on the pleadings on Holder's fourth civil rights claim, which cites the New Hampshire Constitution, and his state law claims for negligent performance of duties, malicious prosecution, gross negligence, and violation of New Hampshire Revised Statutes Annotated ("RSA") § 159:6.[2] Holder has filed an objection, and the defendants filed a reply.

---

[1] Holder does not number most of the claims, and to the extent he includes numbers, they are not sequential.

[2] The defendants moved to dismiss and for judgment on the pleadings. Because they have filed their answers, the motion is deemed to seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Standard of Review

The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard used for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 n.3 (1st Cir. 2009).  The court accepts the plaintiff's well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor.  Citibank Global Mkts., Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009).  To avoid dismissal, however, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible."  Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010) (internal quotation marks and citations omitted).  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."  S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

In their reply, the defendants argue that Holder's objection was late filed, without leave to do so, and should be deemed waived.  The defendants correctly point out that Local Rule 7.1(b) requires a party to file a response to a motion for judgment on the pleadings within fourteen days from the date of

service.  The motion certified on June 15, 2010, that it was served on Holder by mail.  Therefore, Holder had until July 2, 2010, to file his response.  Holder's objection was filed on July 9, 2010.  Although the objection was late, the court will exercise its discretion to consider it.

The court notes, however, that as part of the objection, Holder appears to seek leave to file an amended complaint. Because parties cannot combine objections with requests for affirmative relief, the court will not consider the request to amend.  See LR 7.1(a)(1).

## Discussion

The defendants move for judgment on Holder's fourth civil rights claim brought pursuant to 42 U.S.C. § 1983, which invokes both the Second Amendment of the United States Constitution and the New Hampshire Constitution, on the ground that the New Hampshire Constitution does not provide a private cause of action.  The defendants also move for judgment on Holder's state law claims for negligence, malicious prosecution, gross negligence, and violation of RSA 159:6 on the grounds that he fails to state a claim.  In his objection, Holder does not address the issues the defendants raise and instead makes conclusory statements about the events that gave rise to his claims.

A.  <u>Section 1983 Claim Citing New Hampshire Constitution</u>

In his fourth cause of action, brought pursuant to § 1983, Holder alleges that Part I, Article 2-a of the New Hampshire Constitution provides the right to bear arms. He also relies on the right to bear arms provided by the Second Amendment to the United States Constitution. The defendants seek judgment in their favor on the ground that the New Hampshire Constitution does not provide a private cause of action.[3]

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999). Because the New Hampshire Constitution is not federal law, a claim brought pursuant to § 1983 cannot be based on a violation of the New Hampshire Constitution. Therefore, to the extent Holder relies on the New Hampshire Constitution to support his fourth cause of action, that part is dismissed. Because Holder also cites the Second Amendment, the claim based on federal law survives the defendants' motion.

---

[3]Because § 1983 provides a cause of action only for the deprivation of federal rights, whether or not the New Hampshire Constitution provides a private cause of action is beside the point.

4

B. <u>Negligence in Performance of Duties</u>

In support of his state law claim that the defendants were negligent in the performance of their duties, Holder alleges that "the defendants failed to comply with the constitutional and statutory requirements on regarding the plaintiff's right to bear arms." Am. Compl. ¶ 140. He further alleges that Chief Streeter failed to comply with certain requirements for denying applications for a firearms permit under RSA 159:6. The defendants seek judgment in their favor, contending that Holder failed to allege facts showing that the defendants owed him a duty of care or that they violated any duty owed.

Under New Hampshire law, a negligence claim must be based on a duty of care owed by the defendant to the plaintiff. <u>Everitt v. Gen. Elec. Co.</u>, 159 N.H. 232, 235-36 (2009). "Whether a duty exists in a particular case is a question of law." <u>Id.</u>

To the extent Holder intended his negligence claim to be premised on a duty imposed under the state or federal constitutions, he has not sufficiently alleged a plausible cause of action based on that theory. Alternatively, to the extent he intended to allege a duty based on RSA 159:6, because he has pled a separate claim for violation of RSA 159:6, his negligence claim is redundant in the context of this case.

Therefore, the defendants are entitled to judgment on Holder's claim alleging negligent performance of duties.

C. <u>Malicious Prosecution</u>

In support of his malicious prosecution claim, Holder alleges that "the defendants initiated and continued to pursue an unjust, unreasonable and deliberate misuse of civil process to abuse or pervert the statutory and constitutional rights of the plaintiff for matters that clearly lacked legal grounds . . . ." Am. Compl. ¶ 148. The actions Holder alleges constituted "misuse of civil process" were the denial of his right to a license to carry firearms and the refusal to relinquish his firearms. The defendants point out, however, that Holder, not the defendants, initiated the only court proceeding that pertains to his license to carry firearms, which was his appeal of the denial of his license.

"[T]o prevail on a civil malicious prosecution claim, the plaintiff must prove: (1) that he was subjected to a civil proceeding instituted by the defendant; (2) without probable cause; (3) with malice; and (4) that the proceedings terminated in the plaintiff's favor." <u>Paul v. Sherburne</u>, 153 N.H. 747, 749 (2006).[4] Because the defendants did not bring a civil proceeding

---

[4] Abuse of process is a closely related tort, which Holder raises in a separate claim. <u>See</u> <u>Aranson v. Schroeder</u>, 140 N.H. 359, 364 (1995). Holder brings a separate claim for abuse of process.

against Holder, his malicious prosecution claim must be dismissed.

D. Gross Negligence

Holder's gross negligence claim is pled in general terms, which makes the claim difficult to understand. Holder states that the defendants were consciously and willfully indifferent to his civil and constitutional rights and that they engaged in reckless and intentional conduct "against the public policy and the laws of the State of New Hampshire and the United States Constitution to discriminate against and injure the feelings and reputation of the plaintiff through abuse of process, malicious prosecution, libel, slander, and the publication or utterance of other defamatory or disparaging remarks." Am. Compl. ¶ 158. The defendants contend that Holder fails to state a claim because New Hampshire does not recognize a cause of action for gross negligence.

The defendants are correct that New Hampshire law does not distinguish among degrees of negligence. See Barnes v. N.H. Karting Ass'n, 128 N.H. 102, 108 (1986). As a result, a claim for gross negligence is not cognizable under New Hampshire law. See Bartlett v. Mutual Pharm. Co., Inc., 2010 WL 2765358, at *3 n.3 (D.N.H. July 12, 2010).

Therefore, the defendants are entitled to judgment in their favor on Holder's gross negligence claim.

E.  Violation of RSA 159:6

Holder alleges that the defendants violated RSA 159:6 by failing to provide sufficient specificity in the notification of the denial of his application to carry a firearm.  He contends that RSA 159:6-f provides a private cause of action for violation of RSA 159:6, and he seeks $1,000,000 for the defendants' alleged violation of the statute.  The defendants move to dismiss the claim on the ground that RSA 159:6 does not provide a private cause of action.

RSA 159:6 provides for an application to carry a loaded pistol or revolver and "'is part of a statutory scheme that requires individuals to obtain permits to carry loaded concealed weapons.'"  Garand v. Town of Exeter, 159 N.H. 136, 141 (2009) (quoting Bleiler v. Chief, Dover Police Dep't, 155 N.H. 693, 696 (2007)).  The statutory scheme provides for appeal, including relief from alleged violations of the licensing sections, and for remedies.  See RSA 159:6-c; 159:6-e; 159:6-f.

RSA 159:6-c provides for an appeal from the denial, suspension, or revocation of a license to the district or municipal court in the jurisdiction where the petitioner resides.  RSA 159:6-e provides that "[a]ny person aggrieved by a violation

of the licensing sections . . . may petition the superior court of the county in which the alleged violation occurred for injunctive relief." In addition, a licensing authority who refuses to comply with the requirements of RSA 159:6 "shall be liable for reasonable attorney's fees and costs incurred in a lawsuit under this chapter to enforce the terms of this chapter, provided that the court finds that such lawsuit was necessary in order to obtain compliance with this chapter by the licensing authority." RSA 159:6-f, I. The court may also invalidate actions taken in violation of the chapter and enjoin future violations. RA 159:6-f, II & III.

Neither RSA 159:6-f nor any other provision within the chapter provides for a private cause of action for damages. The only actions allowed are appeals in the specified courts. Holder has not shown that RSA 159:6, et seq. provides an implicit private cause of action.

"Where there is no explicit or implicit private right of action to seek a declaration of the statute's violation, we will conclude that the statute does not do so." <u>Blaqbrough Family Realty Tr. v. A & T Forest Prods., Inc.</u>, 155 N.H. 29, 45 (2007). Therefore, the defendants are entitled to judgment on Holder's claim based on an alleged violation of RSA 159:6.

Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 22) is granted as follows:

1) the plaintiff's fourth federal claim (¶ 76 - ¶ 83), is dismissed to the extent it is premised on violation of the New Hampshire Constitution, and

2) the plaintiff's state law claims for negligence in performance of duties (¶ 140 - ¶ 142), malicious prosecution (¶ 148 - ¶ 153), gross negligence (¶ 156 - ¶ 159), and violation of RSA 159:6 (¶ 176- ¶ 188) are dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 11, 2010

cc: Corey M Belobrow, Esquire
 Brian J.S. Cullen, Esquire
 Ralph Holder, pro se
 Shelagh C.N. Michaud, Esquire