UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Ralph Holder

    v.                                   Civil No. 09-cv-341-JD

Town of Newton, et al.


O R D E R

    Ralph Holder, proceeding pro se, brings a civil rights action against the Town of Newton, the Newton police chief, a Newton police officer, and the assistant Rockingham County Attorney, Jill Cook.  Holder's claims arise from his dispute with the town over a licence to carry a firearm.  Holder filed a motion titled:  "Motion to Compel Mandatory Disclosure & Request for Production of Documents."  The defendants have filed their objection.

    Holder contends that defendant Jill Cook has refused to provide mandatory discovery required under Federal Rule of Civil Procedure 26 and that she has asserted, improperly, attorney-client privilege and the work product doctrine.  He asks the court to compel Cook to comply with the discovery requirements of Rule 26 and to produce documents.  Most of Holder's motion, however, is comprised of allegations pertaining to the merits of his claims, and he has appended several documents in support of his allegations.  He does not identify what discovery has not

been produced or provide necessary information about Cook's responses that he alleges invoked attorney client privilege and the work product doctrine.

Cook objects to Holder's motion, showing through the declaration of her counsel that she made appropriate discovery disclosures and that she only raised the work product doctrine in response to an interrogatory asking for copies of witness statements. Cook's answer also states that she is not in possession of any such statements. Cook's counsel represents that she did not raise attorney client privilege in response to any of the discovery requests.

Under Local Rule 37.1, "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 or 30 - 37 shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection, or a copy of the actual discovery document which is the subject of the motion . . . ." Holder's motion to compel does not comply with that requirement. As a result, neither Cook nor the court can identify what Holder requested and what response he is challenging.

Because of the form of the motion and Holder's failure to comply with Rule 37.1, the court cannot address the issue.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to compel (document no. 23) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 11, 2010

cc: Corey M. Belobrow, Esquire
 Brian J.S. Cullen, Esquire
 Ralph Holder, pro se
 Shelagh C.N. Michaud, Esquire