UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Ralph Holder</u>

    v.                           Civil No. 09-cv-341-JD

<u>Town of Newton, et al.</u>


O R D E R

    Ralph Holder, proceeding pro se, alleges federal civil rights claims and state law claims against the Town of Newton, New Hampshire, the chief of police, a police officer, and the Rockingham County Attorney.  Holder moves for leave to file a second amended complaint.  The defendants object, contending that his motion is untimely, that the circumstances do not support extending the deadline for filing an amended complaint, and that they would be prejudiced by the proposed late amendment.

    As the defendants point out, the deadline for Holder to move for leave to amend his complaint was March 15, 2010.  Because that deadline is long past, Holder must show good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4).  If Holder were able to meet the good cause requirement, the court would grant leave to amend if "justice so requires."  Fed. R. Civ. P. 15(b)(2).  To support his motion, Holder is required to identify new factual allegations and claims and explain why the new

allegations or claims were not included in the prior complaint.[1] Local Rule 15.1(a).

In his motion for leave to amend, Holder merely repeats a long list of allegations against the defendants. Holder does not identify which allegations in the proposed amended complaint, if any, are new or whether he seeks to add any new claims. He also does not address his delay in seeking leave to amend. Instead, Holder represents that his proposed amended complaint reduces the total number of claims and provides more specific allegations. The proposed amended complaint, however, expands his pleading from twenty-five pages, with 188 paragraphs, to forty-four pages with 361 paragraphs.

The defendants object that the motion for leave to amend is too late and that the delay is prejudicial. They contend that Holder's proposed amended complaint reasserts his previous allegations but at greater length and includes allegations pertaining to events in 2005, which are barred by the statute of limitations. To the extent the allegations pertain to anything new, they note that Holder had possession of an EMT report, the subject of some new allegations, within the time allowed for

---

[1] Holder's previous motion to amend was denied because of his failure to comply with LR 15.1(a), and the requirements of the rule were specified in the order.

amendment. The defendants also contend that because the deadline for summary judgment motions is October 1, 2010, with one motion now pending, an amendment at this late stage would delay the case.

    Holder has not shown good cause to extend the deadline for amendment. Therefore, his motion for leave to amend is denied as untimely. In addition, an amendment now would be prejudicial to the defendants who have completed sufficient discovery to file motions for summary judgment based on the existing complaint. Holder will not be permitted to present a continually moving target, which would have the effect of unnecessarily consuming the parties' and the court's resources.

## Conclusion

    For the foregoing reasons, the plaintiff's motion for leave to file an amended complaint (document no. 43) is denied.

    SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

September 28, 2010

cc: Corey M. Belobrow, Esquire
    Brian J.S. Cullen, Esquire
    Ralph Holder, pro se
    Shelagh C.N. Michaud, Esquire