UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Ralph Holder

    v.                                          Civil No. 09-cv-341-JD
                                              Opinion No. 2010 DNH 179

Town of Newton, et al.

O R D E R

Ralph Holder, proceeding pro se, brings civil rights and state law claims against the Town of Newton, Chief Laurence Streeter, Sergeant Michael Jewett, and Assistant County Attorney Jill Cook. Holder's claims arise from the denial of his application for a license to carry guns and a delay in returning Holder's guns to him, after criminal charges brought by the State of New Hampshire were dismissed. Jill Cook moves for summary judgment on the claims against her. Holder objects to summary judgment.

Standard of Review

Summary judgment is appropriate when the moving party demonstrates "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c)(2). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

## Background

Ralph Holder has a history of disputes with, among others, local and state authorities in New Hampshire, originally arising from the circumstances of his contested divorce and custody proceedings, which began in 2002. See, e.g., Holder v. Sandown, 585 F.3d 500 (1st Cir. 2009); Holder v. Newton, Civ. No. 08-cv-197-JL (D.N.H. 2008); Holder v. New Hampshire, Civ. No. 06-cv-371-PB (D.N.H. 2006); Holder v. New Hampshire, Civ. No. 06-cv-252-PB (D.N.H. 2006); Holder v. Gienapp, Civ. No. 06-cv-221-JD (D.N.H. 2006); Holder v. New Hampshire, 06-cv-162-JD (D.N.H. 2006); Holder v. Rockingham County, Civ. No. 04-cv-189-SM (D.N.H. 2004). He also has pursued grievances through state administrative and court proceedings.

In this case, Holder contends that the defendants, the Town of Newton, Chief Streeter, Sergeant Jewett, and Assistant County Prosecutor Cook, violated his constitutional rights pertaining to

carrying guns. The events which led to Holder's claims began when Holder sent a letter to the United States Attorney and the New Hampshire Attorney Discipline Office, stating that he would "'use any means necessary, including deadly force, to protect the constitutional rights of his children and himself against State sponsored racism and unlawful discrimination.'" State v. Holder, Crim. No. 07-cr-2467 (Concord Dist. Ct. Oct. 3, 2007), Def. Doc. 42, Ex. 4 (quoting letter). The state charged Holder with criminal threatening.

Holder agreed to bail with conditions that he have no contact with seven listed people, including Jill Cook, and that he not have possession of guns and ammunition.[1] Holder moved to dismiss the charge against him, which was granted by the Concord District Court on October 3, 2007. The order dismissing the charge did not address Holder's guns. In response to Holder's request that the Newton Police Department return his guns, he was told that a court order was required to return the guns. Streeter asked Cook for an opinion about the release of Holder's guns, and Cook prepared a one-page memorandum advising that the guns should not be released without a court order. Despite

---

[1] Cook had prosecuted a criminal case against Holder in 2005, and Holder had filed a complaint against Cook with the New Hampshire Attorney Discipline Office.

Cook's advice, Streeter returned Holder's guns to him on November 22, 2007, without a court order.

The only count that includes allegations against Cook is premised on 41 U.S.C. §§ 1981, 1983, and 1985.  Holder alleges that the defendants, as a group, violated his rights pursuant to unspecified federal statutes, arrested him in violation of the First Amendment, and delayed the return of his guns to him in violation of state and federal laws, along with other less specific violations.  With respect to Cook specifically, Holder alleges that she had motive and "personal animus" to retaliate against him, based on her prior dealings with him.  Am. Compl., doc. #16, ¶ 102.  Holder further alleges that Cook's involvement in the decision not to return his guns was influenced by her conflict of interest and was part of a conspiracy.  Holder alleges that Cook "engaged in conduct proscribed by statutory law and the State and Federal Constitutions."  Id., ¶ 104.

## Discussion

Cook moves for summary judgment on Holder's claims against her on the grounds of qualified immunity, that Cook did not cause Holder to be deprived of his guns, that Cook did not violate Holder's due process or equal protection rights, that state laws do not provide a basis for a civil rights claim, and that any

claims for psychological and medical harm cannot be proven. Holder objects to Cook's motion. In his objection, however, he addresses a variety of issues that are not material to his claims against Cook in this case and provides little or no response to the bases Cook raises for summary judgment.

I. Qualified Immunity

Cook interprets Holder's claim against her to rest on the Second Amendment right to bear arms, and Holder does not challenge her interpretation.[2] Cook contends that she is entitled to qualified immunity against Holder's Second Amendment claim because a personal right to bear arms under the Second Amendment was not clearly established in October of 2007, when she wrote her memorandum, and because she had a good faith basis for her opinion. Holder objects.

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Cores-Reyes v.

---

[2] Holder does not specifically name the Second Amendment in that part of his complaint which pertains to Cook. Holder generally bases his claims on a right to bear arms, and in the parties' joint proposed discovery plan, he summarized his theory of liability as a suit to recover damages for violating his Second Amendment rights.

Salas-Quintana, 608 F.3d 41, 51 (1st Cir. 2010) (quoting Pearson v. Callahan, 129 S. Ct. 808, 815 (2009)); accord Giragosian v. Bettencourt, 614 F.3d 25, 29 (1st Cir. 2010). Although Supreme Court doctrine previously has required courts to determine whether the plaintiff alleged or showed a constitutional violation before considering whether the right was clearly established, that order of analysis is not mandatory in certain circumstances, such as when the question of violation of a constitutional right is difficult and dependent on particular factual circumstances. Maldonado v. Fontanes, 568 F.3d 263, 270 (1st Cir. 2009). For that reason, court will address the "clearly established" prong first in this case.

"The law is 'clearly established' if courts have ruled that materially similar conduct was unconstitutional, or if there is a previously identified general constitutional principle that applies with obvious clarity to the specific conduct at issue." Cortes-Reyes, 608 F.3d at 52 (internal quotation marks omitted). Courts that have considered the issue have determined in similar circumstances that a right of individuals to possess and bear firearms for private civilian purposes, as opposed to military purposes, was not clearly established before 2008, when the Supreme Court decided District of Columbia v. Heller, 128 S. Ct. 2783, 2799 (2008)). See, e.g., Emerson v. City of New York, 2010

WL 2910661, at *7 (S.D.N.Y. July 19, 2010); Cardenas v. City of Chicago, 2010 WL 2609866, at *7, n.8 (N.D. Ill. June 25, 2010) (citing cases). Further, in McDonald v. City of Chicago, 130 S. Ct. 3020, 3025 & 3036 (2010), the Supreme Court held for the first time that the Second Amendment applies to the states. The court finds the cited decisions persuasive. Therefore, Cook is entitled to qualified immunity from Holder's claim against her based on the Second Amendment.

II. Other Theories

To the extent Holder intended to raise grounds other than the Second Amendment to support a claim against Cook, such claims are not apparent in his amended complaint, and he has not clarified his pleading in his objection to summary judgment. Holder's fleeting reference in his objection to a due process requirement for a "neutral or detached magistrate" does not apply to Cook who did not serve in a judicial capacity in writing her memorandum. His reference to fraud is not based on a federal right or supported by allegations in the complaint.[3] In

---

[3] As Cook demonstrates in her motion for summary judgment, violations of state law and the state constitution do not provide a basis for a civil rights claim. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Collins v. City of Harker Heights, 503 U.S. 115, 117, 119 (1992).

7

addition, the summary judgment record establishes that Cook's opinion did not influence the chief's decision about when he returned Holder's guns. Holder's allegations in his objection about Cook's actions in a previous prosecution and about a different suit in this court cannot augment his complaint and are inapposite to his claim here pertaining to the return of his guns.

III. Summary Judgment

Cook has demonstrated that she is entitled to summary judgment based on qualified immunity from liability for Holder's claim that she violated his Second Amendment rights. To the extent Holder may have intended to raise any other claim against Cook, his response is insufficient to avoid summary judgment on the record presented. Therefore, Cook is entitled to summary judgment on all claims against her.

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 42) is granted.

SO ORDERED.

                                                          /s/ Joseph A. DiClerico, Jr.
                                                          Joseph A. DiClerico, Jr.
                                                          United States District Judge

October 12, 2010

cc:   Corey M. Belobrow, Esquire
       Brian J.S. Cullen, Esquire
       Ralph Holder, pro se
       Shelagh C.N. Michaud, Esquire