UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Ralph Holder</u>

    v.                             Civil No. 09-cv-341-JD

<u>Town of Newton, et al.</u>

<u>O R D E R</u>

Ralph Holder, proceeding pro se, brought civil rights claims against, among others, Assistant County Attorney Jill Cook. Holder's claims arise from the denial of his application for a license to carry guns and a delay in returning Holder's guns to him, after criminal charges brought by the State of New Hampshire were dismissed. On October 12, 2010, the court granted Cook's motion for summary judgment. Holder moves for reconsideration. Cook moves to strike the motion and also objects.

I.  <u>Motion to Strike</u>

Cook moves to strike Holder's motion for reconsideration on the grounds that it is an untimely objection to her motion for summary judgment and that it is based on conclusory allegations. The court construes Holder's filing as a motion for reconsideration of the court's order granting Cook's motion for summary judgment. Therefore, the motion will be considered.

## II. Motion for Reconsideration

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). In addition, reconsideration may be appropriate "if the court has patently misunderstood a party or has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (internal quotation marks omitted). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).

Holder seeks reconsideration in his favor based on a New Hampshire statute, RSA 595-A:6, that he did not raise in opposing Cook's motion for summary judgment, and on a general restatement of his allegations and claims. Although he now contends that his complaint states claims under the Fifth and Fourteenth Amendments against Cook, he did not raise those grounds in opposing Cook's motions. Instead, Cook interpreted Holder's claim against her to

be based on the Second Amendment, and Holder did not dispute that interpretation.  Holder's new theories and arguments raised after summary judgment has been entered against him are too late, and his reiteration of allegations and arguments previously made are not persuasive.

To the extent Holder now argues that he needed more time to respond to Cook's motion, because he had not yet taken her deposition, that issue should have been raised in response to the motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 56(f).  Holder's protests that summary judgment was prematurely granted are too late.  <u>See</u> <u>Rivera-Torres v. Rey-Hernandez</u>, 502 F.3d 7, 10-11 (1st cir. 2007); <u>Rodriquez-Cuervos v. Wal-Mart Stores, Inc.</u>, 181 F.3d 15, 23 (1st Cir. 1999).  Further, the information Holder cites from Cook's deposition would not have altered the outcome.

## Conclusion

For the foregoing reasons, the defendant's motion to strike (document no. 56) is denied, and the plaintiff's motion for reconsideration (document no. 55) is denied.

SO ORDERED.

                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

November 23, 2010

cc:   Brian J.S. Cullen, Esquire
       Ralph Holder, pro se
       Shelagh C.N. Michaud, Esquire